UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GENUS PLC, a British corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>GENETIC TECHNOLOGIES, LTD., an Australian corporation,<br><br>                 Defendant. | Civil Action No. 09-CV-781<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

For its Complaint, Plaintiff Genus PLC states as follows:

1. This action arises under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202, as well as the patent laws, Title 35, United States Code.

2. Specifically, this action seeks a declaration that Plaintiff Genus PLC ("Genus") does not infringe any valid claim of United States Patent No. 5,612,179 ("the '179 patent"), and that said patent is invalid. A copy of the patent is attached hereto as Exhibit A.

3. Claims 26-32 of U.S. Patent 5,612,179 are currently under *ex parte* Reexamination at the United States Patent and Trademark Office, Reexamination control number 90/010,318, filed October 15, 2008. Each of these claims is currently rejected in that proceeding.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Plaintiff has a place of business within this district at 1525 River Road, DeForest, Wisconsin, 53532.

6. Defendant Genetic Technologies, Ltd. ("GTG") is subject to personal jurisdiction in this district. Upon information and belief, GTG does business in this district by virtue of its licensing activities for, among other things, the patent-in-suit.

7. On information and belief, GTG is also subject to personal jurisdiction in this district as it has purposefully directed activities related to the enforcement of the patent-in-suit to residents of this district, this claim arises out of or relates to those activities, and exercise of personal jurisdiction by this Court over GTG comports with due process.

8. Further, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2) as Genus' claims arise under federal law, and on information and belief GTG is not subject to personal jurisdiction of any state court of general jurisdiction, and exercise of personal jurisdiction by this Court over GTG comports with due process.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because GTG, a foreign corporation, resides in this district for purposes of the venue statute.

10. There is an actual and justiciable controversy between the parties concerning the patent-in-suit, based on GTG taking the position that certain activities of Genus are covered by, and would infringe, at least one claim of the patent-in-suit. This position has been expressed orally and in writing, for example a letter dated December 2, 2009. Genus disagrees and believes it infringes no valid claim of the patent-in-suit.

## COUNT I
**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,612,179)**

11. Genus realleges and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

12. The alleged inventions claimed in the patent-in-suit are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Genus is entitled to a declaration and order that the claims of the patent-in-suit are invalid.

## COUNT II
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 5,612,179)

14. Genus realleges and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

15. The patent-in-suit is not infringed by Genus either directly or indirectly, literally or under the doctrine of equivalents, or through inducement of others by virtue of Genus's activities.

16. Genus is entitled to a declaration and order that its activities do not infringe the patent-in-suit.

WHEREFORE, Plaintiff Genus prays for relief as follows:

A. That the Court declare the claims of the '179 patent invalid;

B. That the Court declare Genus does not infringe any valid claims of the '179 patent;

C. That the Court find this case to be an exceptional case pursuant to 35 U.S.C. § 285 and award Genus its reasonable attorneys' fees;

D. That all costs be taxed against Defendant; and

E. That Genus be granted such other and further relief as the Court deems just and proper.

## JURY DEMAND

Genus hereby demands trial by jury of all issues so triable.

Dated this 31st day of December, 2009.

                Respectfully submitted,

                //s//James R. Cole
                James R. Cole
                Wis. State Bar No. 1013023
                Anthony A. Tomaselli
                Wis. State Bar No. 1003673
                Quarles & Brady
                33 East Main Street, Suite 900
                Madison, WI 53703-3095
                Phone: 608-251-5000
                Fax:    608-294-4908
                Email: james.cole@quarles.com
                Email: anthony.tomaselli@quarles.com

                OF COUNSEL:

                Edmund J. Sease
                Heidi S. Nebel
                Kurt R. Van Thomme
                McKEE, VOORHEES & SEASE, P.L.C.
                801 Grand Avenue, Suite 3200
                Des Moines, IA 50309-2721
                Phone:  515-288-3667
                Fax:  515-288-1338
                Email:  sease@ipmvs.com
                Email:  mvslit@ipmvs.com

                *ATTORNEYS FOR PLAINTIFF GENUS PLC*